FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2018 JUN 26  AM 10: 38

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

**SHAWN ROWE,** on behalf of herself
and all similarly situated individuals,

        Plaintiff,

v.

**PREFERRED SENIOR CARE, LLC,**
A Florida Limited Liability Company, and
**MARK WHITE**, individually,

        Defendants.

_____/

Case No. 2:18-cv-446-FtM-29 MRM

**JURY DEMAND**

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **SHAWN ROWE** ("Plaintiff"), on behalf of herself and other current and former employees similarly situated, by and through her undersigned counsel, brings this action against Defendants, **PREFERRED SENIOR CARE, LLC**, a Florida Limited Liability Company ("PSC"), and **MARK WHITE** ("White"), individually, (hereinafter collectively referred to as "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and states as follows:

### INTRODUCTION

1.    Congress designed the FLSA to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206-207. These provisions, coupled with an effective integrated cause of action within the

1

FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See Billingsley v. Citi Trends, Inc.*, 560 Fed. Appx. 914, 920 (11th Cir. 2014).

2.      This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, individually, and on behalf of all similarly situated persons employed by Defendants arising from Defendants' willful violations of the FLSA.

3.      Defendants own and operate a "Senior Helpers" franchise, which provides a wide range of in-home care services for the elderly including, but not limited to, cooking, cleaning, personal hygiene assistance, and transportation.

4.      At all times relevant hereto, Defendants employed Plaintiff and other similarly situated employees as in-home caregivers for their elderly clients.

5.      For at least the duration of Plaintiff's employ, Defendants implemented, and continue to implement, a company-wide policy that deprives their in-home caregivers of proper overtime wages and results in these employees receiving sub-minimum wages.

6.      These violations stem in part from Defendants' payment structure whereby Defendants paid Plaintiff, and similarly situated in-home caregivers, a day rate of pay for each 24-hour shift that the caregiver worked—classified as "Live In" pay—and an hourly rate of pay for any shifts that are less than 24 hours.

7.      Defendants' payment structure often resulted in Plaintiff's, and those similarly situated in-home caregivers', regular hourly rate equating to less than the applicable minimum wage.

8.      Additionally, Defendants failed to compensate Plaintiff and other similarly situated in-home caregivers at a rate of least one and one-half times their regular rate of pay for all of the hours that they worked over forty (40) each work week.

9.      Plaintiff brings this collective action to recover the unpaid wages owed to her and all other similarly situated in-home caregivers, current and former, who worked for Defendants at any time during the three (3) year period prior to the filing of this Complaint through the present ("Class Members").

10.     These Class Members should be informed of the pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche, Inc. v. Sperling*, 493, U.S. 165 (1989) and its progeny.

## JURISDICTION

11.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, reasonable attorneys' fees and costs, and to obtain declaratory relief.

12.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

13.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, located within the Middle District of Florida.

## PARTIES

15.     At all times material hereto, Plaintiff was a resident of Charlotte County, Florida.

16.     At all times material hereto, Defendant, PSC, was a Florida Limited Liability Company engaged in business in Florida, with a principal place of business in Lee County, Florida.

17.     Upon information and belief, at all times material hereto, Defendant, White was an individual resident of the State of Florida.

18.     At all times material hereto, Defendant, White, was an "employer" as defined by 29 U.S.C. § 201, *et seq.*

19.     At all times material hereto, Defendant, White, owned and operated PSC.

20.     At all times material hereto, Defendant, White, regularly hired and fired employees of PSC.

21.     At all times material hereto, Defendant, White, regularly determined the work schedules for the employees of PSC.

22.     At all times material hereto, Defendant, White, controlled the finances and operations of PSC.

23.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

24.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.  Named Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) has been attached hereto as **EXHIBIT A**. *See* **EXHIBIT A**.

25.     At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

26.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

4

27.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

28.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, and other office equipment, which were used directly in furtherance of Defendants' commercial activity of operating an in-home care service for the elderly.

29.     At all times material hereto, Plaintiff, and those similarly situated, were "employees in domestic service" and subject to the coverage of the FLSA. *See* 29 C.F.R. § 552.3.

30.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

31.     Defendants own and operate a "Senior Helpers" franchise.

32.     Defendants provide in-home care for the elderly by employing a workforce of in-home caregivers.

33.     Plaintiff worked for Defendants from approximately September 2017 through February 2018.

34.     Plaintiff worked for Defendants as a non-exempt, in-home caregiver throughout the duration of her employment.

35.     Plaintiff's duties included, but were not limited to, assisting Defendants' clients with shopping and errands, transporting the client to his/her appointments, and assisting the client with housekeeping, walking, and personal hygiene.

5

36.     Plaintiff maintained the same duties throughout the duration of her employment.

37.     Plaintiff worked several 24-hour shifts each week throughout the duration of her employment.

38.     Defendants compensated Plaintiff at a set rate for each full 24-hour shift that she worked each week.

39.     Although Defendants purported to pay Plaintiff at a "day rate," Defendants paid Plaintiff solely for hours worked on days that she worked fewer than 24-hours.

40.     When Plaintiff was scheduled to work a shift that was less than 24-hours, Defendants paid Plaintiff an hourly rate of pay for each hour worked.

41.     In most, if not all, workweeks, Plaintiff worked for Defendants in excess of forty (40) hours.

42.     Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all of the hours that she worked in excess of forty (40) hours in a given workweek.

43.     Instead, Defendants only compensated Plaintiff at her regular rate of pay for all of the hours that she worked.

44.     For example, if Plaintiff worked two (2) 24-hour shifts in one week, Defendants only compensated Plaintiff at her "day rate" without additional compensation for the eight (8) hours of overtime that she worked.

45.     Plaintiff's regular rate of pay was often less than the applicable minimum wage due to the excessive hours that she worked and sub-standard wages paid.

46.     Plaintiff should have been, and should be, compensated at a rate of one and one-half times her regular rate of pay for those hours that she worked in excess of forty (40) hours

6

per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

47.    Additionally, Defendants should have supplemented Plaintiff's wages in those work weeks where her regular rate of pay did not exceed the applicable minimum wage, but Defendants failed to so compensate Plaintiff.

48.    Upon information and belief, Plaintiff's pay and time records are in the possession of Defendant.

49.    Defendants have violated Title 29 U.S.C. §§ 206-207 in that:

a.    Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks throughout the duration of her employment with Defendants;

b.    No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times her regular rate of pay for those hours that she worked in excess of forty (40) hours each workweek, as provided by the FLSA;

c.    Defendants failed to pay Plaintiff at least minimum wage in one or more workweeks, in violation of the FLSA; and

d.    Defendants failed to maintain proper time records as mandated by the FLSA;

50.    Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiff and the Class Members are/were Defendants' non-exempt employees who provided in-home caregiving services to Defendants' clients, and all performed similar duties as one another.

7

52.     Plaintiff and the Class Members were, and are, all compensated at a set rate of pay for each full 24-hour shift worked each week.

53.     Plaintiff and the Class Members were, and are, all compensated at an hourly rate when scheduled to work a shift that is less than 24-hours.

54.     Defendants failed, and continue to fail, to compensate Plaintiff, and those similarly situated, at a time and one-half overtime premium for their hours worked over forty (40) in most, if not all, work weeks throughout the relevant period.

55.     Defendants failed, and continue to fail, to compensate Plaintiff, and those similarly situated, at least the Florida minimum wage in one or more work weeks throughout the relevant period.

56.     The additional persons who may become Plaintiffs in this action are/were non-exempt, employees of Defendants who provided in-home caregiving services to Defendants' clients who were not compensated at a time and one-half overtime premium for their hours worked over forty (40) each work week, and were not compensated at least the Florida minimum wage in one or more work weeks.

57.     This policy or practice was, and is, applicable to Plaintiff and the Class Members.

58.     Application of this policy or practice does/did not depend on the personal circumstances of the Plaintiff or the Class Members.

59.     The same policy or practice that resulted in the improper payment of overtime and minimum wages to Plaintiff applied, and continues to apply, to all Class Members. Accordingly, the Class Members are properly defined as:

**All in-home caregivers who worked for Defendants within the last three years, who worked in excess of 40 hours in one or more workweeks but were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks, and/or were not compensated at a rate at least equivalent to the Florida minimum wage in one or more work weeks as required by the FLSA.**

60.     Specifically, despite the fact the numerous in-home caregivers brought Defendants' aforementioned illegal policies and FLSA violations to Defendants' attention throughout their employment, Defendants refused to pay Plaintiff and those similarly situated their proper compensation as required by the FLSA.

61.     Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices:

a.   case law;

b.   the FLSA, 29 U.S.C. § 201, *et seq.*;

c.   Department of Labor Wage and Hour Opinion Letters; or

d.   the Code of Federal Regulations.

62.     During the relevant period, Defendants violated the FLSA by retaining employees in an enterprise engaged in commerce, or in the production of goods and services for commerce, within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a work week, and/or without compensating such employees the applicable minimum wage for all hours worked.

63.     Defendants' failure to compensate the Class Members at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek, and failure to compensate the Class Members at the applicable minimum wage for all hours worked results from Defendants' policy or practice that applies to all similarly situated

employees, companywide.

64.    Defendants acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

65.    Defendants failed to maintain accurate records for Plaintiff and the Class Members' work hours in accordance with the FLSA.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

66.    Plaintiff re-alleges and reincorporates paragraphs 1 through 65 as if fully set forth herein.

67.    Plaintiff worked in excess of forty (40) hours per week.

68.    Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek.

69.    Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

70.    At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

71.    Defendants' actions were willful and/or manifested a reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per work week when Defendants knew, or should have known, such was, and is due to Plaintiff.

72.    Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights

under the FLSA.

73.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for her hours worked over forty (40) hours per work week, plus liquidated damages.

74.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

75.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally did not provide for the compensation of such employees at a rate of time and one-half for their overtime hours.

76.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendants failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and one-half of their regular rate of pay for such hours.

**COUNT II**
**VIOLATION OF 29 U.S.C. § 206**
**MINIMUM WAGE**

77.     Plaintiff re-alleges and reincorporates paragraphs 1 through 65 as if fully set forth herein.

78.     Plaintiff is entitled to be paid minimum wage for all weeks worked during her employment with Defendants as an in-home caregiver.

79.     Defendants failed to pay Plaintiff minimum wage for all weeks worked.

80.     Defendants had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least the applicable minimum wage.

81.     Defendants willfully failed to pay Plaintiff the applicable minimum wage for one or more work weeks in violation of 29 U.S.C. § 206.

82.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the Class Members have been damaged in the loss of minimum wages for one or more weeks of work while employed by Defendants.

## COUNT III
## DECLARATORY RELIEF

83.     Plaintiff re-alleges and incorporates paragraphs 1 through 65 of the Complaint as if fully set forth herein.

84.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

85.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

86.     Plaintiff may obtain declaratory relief.

87.     Defendants employed Plaintiff.

88.     Defendants are an enterprise.

89.     Plaintiff was individually covered by the FLSA.

90.     Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

91.     Plaintiff was deprived of proper minimum wages pursuant to 29 U.S.C. § 206.

92.     Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

93.   Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

94.   Plaintiff is entitled to an equal amount of liquidated damages.

95.   It is in the public interest to have these declarations of rights recorded.

96.   Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

97.   The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

98.   Plaintiff demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a.   An Order Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Counts I and II);

b.   An Order compelling Defendants to disclose the names and addresses of all Class Members and permitting Plaintiff to send notice of this action all similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the Class Members of their right to join and participate in this lawsuit;

c.   An Order declaring that Defendants violated the FLSA and its regulations;

d.   An Order declaring Defendants' violations of the FLSA were willful;

e.   An Order granting judgment in favor of Plaintiff and against Defendants and awarding Plaintiff and Class Members the full amount of damages and liquidated

damages available by law;

f.  Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime and minimum wage provisions of the FLSA;

g.  Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half rate;

h.  All unpaid wages at the Florida mandated minimum wage rate;

i.  An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

j.  Awarding Plaintiff pre-judgment and/or post-judgment interest;

k.  Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

l.  Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated this 22nd day of June, 2018.

/s/ Chanelle J. Ventura
Chanelle J. Ventura, Esq.
Florida Bar No. 1002876
Andrew R. Frisch, Esq.
Florida Bar No. 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268 F: (954) 327-3039
Email: cventura@forthepeople.com
Email: afrisch@forthepeople.com
*Attorneys for Plaintiff*

14