UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHAWN ROWE, on behalf of herself and
all similarly situated individuals,

    Plaintiff,

v.                                          Case No:   2:18-cv-446-FtM-29MRM

PREFERRED SENIOR CARE, LLC and
MARK WHITE,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion for Approval of Settlement and Dismissal With Prejudice, filed December 19, 2018. (Doc. 21). Plaintiff Shawn Rowe, Opt-In Plaintiff Mary Gale Richards, and Defendants Preferred Senior Care, LLC d/b/a Senior Helpers of SW Florida and Mark White request that the Court approve the parties' proposed settlement of the Fair Labor Standards Act claims in this litigation. Upon consideration of the parties' submissions, the Undersigned recommends that the Court enter an Order approving the settlement, dismissing this case with prejudice, and directing the Clerk of Court to enter final judgment, terminate all pending motions, and close the file.

## LEGAL STANDARD

To approve the settlement of a FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c),

providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit has held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

## THE CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

Plaintiff Rowe alleged that Preferred Senior Care failed to pay her and other similarly situated individuals minimum wage and overtime for hours worked over forty in a workweek. (Doc. 21 at 2). Rowe filed suit, seeking to recover minimum wage pay and overtime wages under the FLSA. (*Id.*). Rowe asserted these claims as a putative collective action on behalf of herself and those purportedly similarly situated; however, only Opt-In Plaintiff Richards joined the action. (*Id.*). Defendants deny wrongdoing and vigorously dispute Plaintiffs' claimed damages with regard to both: (1) Plaintiffs' underlying theory of the case; and (2) the actual hours Plaintiffs claimed to have worked. (*Id.* at 3).

Even though a *bona fide* dispute exists between the parties (*see id.* at 3-4), the parties successfully negotiated a settlement of both Rowe's and Richards' claims (*id.* at 4). As reflected in each Settlement Agreement and General Release, the settlement amounts to be paid to Plaintiffs include an amount for liquidated damages equal to the amount paid for claimed back wages, as well as separate consideration for the general release and other promises contained in the Agreements. (*Id.* at 4-5). Specifically, on behalf of both Defendants, Defendant Preferred Senior Care will pay Plaintiff Rowe a total of $3,500.00, which consists of $850.00 allocated to her claimed wage damages, $850.00 allocated to liquidated damages, $300.00 in consideration for the general release and other promises contained in the Agreement, and $1,500.00 for Rowe's attorneys' fees and costs. (*Id.* at 5). Defendant Preferred Senior Care will pay on behalf of both Defendants to Opt-In Plaintiff Richards a total of $10,000.00, which consists of $3,300.00 allocated to her claimed wage damages, $3,300.00 allocated to liquidated damages, $400.00 in consideration for the general release and other promises contained in the Agreement, and $3,000.00 for Richards' attorneys' fees and costs. (*Id.*).

With regard to how these amounts were determined, the Joint Motion explains that "the terms of the Agreements were reached following extensive negotiations by experienced counsel." (*Id.*). The Joint Motion also states that "[t]he Agreements' terms reflect the recognition of the risks and costs of litigation by the Parties with counsel experienced in such matters." (*Id.*). The parties state that they have agreed to resolve this litigation to avoid these risks and costs. (*Id.*). The Joint Motion also explains that:

> Plaintiffs negotiated, through their counsel, settlement terms that are satisfactory to the Parties. . . . [C]ounsel, who are experienced in wage and hour matters, view the agreed-upon terms as a good outcome for the Parties. It could be years before this matter is ready for trial, and this Court ultimately could determine that Plaintiffs are not entitled to any recovery. There has been no fraud or collusion in the settlement of this case, and settlement will prevent expensive, protracted, and

>    uncertain litigation. Moreover, the amount for attorneys' fees and costs that Preferred Senior Care will pay to Plaintiffs is reasonable and was agreed upon without regard to the amounts paid to Plaintiffs. Ultimately, after assessing their respective positions and consulting with their counsel, the Parties decided that it is in their respective best interests to resolve this matter early through settlement rather than to proceed through protracted and costly litigation.

(*Id.* at 7).

As indicated above, the parties propose that Plaintiffs provide general releases to Defendants as part of the settlement. (*See* Doc. 21-1 at 5-7; Doc. 21-2 at 5-8). These general releases extend beyond mere release of the Plaintiffs' FLSA claims against the Defendants. (*Id.*). The *Lynn's Food Store* analysis necessitates a review of the proposed consideration as to each term and condition of settlement, including foregone or released claims. *Shearer v. Estep Constr., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). Under the proposed settlements, each Plaintiff will receive separately allocated monetary consideration in exchange for her general release of the Defendants and other promises contained in their respective Agreements. (Doc. 21 at 4-5 and n.5; Doc. 21-1 at 3; Doc. 21-2 at 3). The Undersigned places great weight on the fact that Plaintiffs are each represented by experienced counsel and that the monetary value allocated to each Plaintiff's general release is predicated upon counsel's assessment of and valuation of the Plaintiffs' released claims. (*See id.*). The Undersigned finds that this separate monetary consideration for the general releases appears fair and reasonable. (*See* Doc. 21and cases cited therein).

As indicated above, the proposed settlement also includes an agreement that Preferred Senior Care will, on behalf of both Defendants, pay each Plaintiffs' attorneys' fees and costs in specified amounts: $1,500 to Rowe and $3,000.00 to Richards. (Doc. 21 at 4-5). The parties state that they "negotiated the amount that Preferred Senior Care will pay Plaintiffs for their attorneys' fees and costs separately from the amounts Preferred Senior Care will pay Plaintiffs."

4

(*Id.* at 4; *see also id.* at 7).  As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to the Plaintiffs.  (Doc. 21 at 4-5, 7).  The Undersigned finds, therefore, that the portions of the proposed settlement that are allocated to each Plaintiffs' attorneys' fees and costs are reasonable and fair.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and should be approved by the Court.

## CONCLUSION

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1) The Joint Motion for Approval of Settlement and Dismissal With Prejudice be **GRANTED**; and

5

2) The presiding District Judge enter an Order approving the settlement, dismissing this case with prejudice, and directing the Clerk of Court to enter final judgment, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on January 18, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties